UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF SUNLAND CONSTRUCTION INC. AS OWNER AND OPERATOR OF THE FOLLOWING VESSELS: DREDGE BH101; LAY BARGE K102; MR. DYSON; LITTLE MAN; LIL SMOKE; CHRISTIE B; LORI L.; UNNAMED 2007 40' ALUMINUM HACKCO CREW BOAT; UNNAMED 2003 25' ALUMINUM HACKCO CREW BOAT; UNNAMED 20' AMERICAN FLAT BOAT; AND UNNAMED SCULLY'S 20' FLAT BOAT | CIVIL ACTION NO. 2:23-cv-01665<br><br>SECTION "T" (5)    c/w 2:23-cv-1796<br><br>HON. JUDGE GREG GUIDRY<br><br>MAG. MICHAEL NORTH |

## ORDER AND REASONS

The Court has before it Plaintiff Michael Bianchini's Motion to Remand Civil Action No. 23-1796, which has been consolidated into the instant action for limitation of liability, back to state court. R. Doc. 11. Defendants Sunland Construction, Inc. and Sunland-Kori Services, LLC ("Sunland") have filed an opposition to the Motion, R. Doc. 17, as has Defendant Venture Global Gator Express, LLC ("Venture Global") (collectively, "Defendants"), R. Doc. 18. Having considered the parties' arguments, as well as the applicable law and facts, the Court will GRANT Plaintiff's Motion.

I.     BACKGROUND

This case arises from alleged damage to oyster leases owned and held by Plaintiff in Plaquemines Parish, Louisiana. Plaintiff initially filed suit in Louisiana state court, alleging Defendants' dredging, pile driving, and other "ultrahazardous" activities during the construction

1

of natural gas pipelines in the vicinity of his oyster leases caused "a dramatic increase in oyster mortality rates" and other "severe damage" to those leases. No. 23-1796, R. Doc. 1-1 at 3. Venture Global removed Plaintiff's claims to this Court, *see* No. 23-1796, R. Doc. 1, which then consolidated it with the instant action for limitation of liability filed by Sunland. R. Doc. 9. Plaintiff now moves the Court to remand his claims back to state court, arguing removal was improper because general maritime law claims are not removable on the basis of admiralty jurisdiction alone. R. Doc. 11-1 at 4. In opposition, Defendants argue that, following Congress's 2011 amendment of 28 U.S.C. § 1441, the federal removal jurisdiction statute, such claims are indeed removable without an alternate basis for Federal jurisdiction. R. Docs. 17; 18.

## II.  APPLICABLE LAW

When challenging a motion to remand, "[t]he party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997), *as amended on denial of reh'g* (Dec. 19, 1997) (citation omitted). Because a defendant's invocation of the removal statute "deprives a state court of a case properly before it and thereby implicates important federalism concerns[,]" *id.*, federal courts must construe § 1441 strictly and "scrupulously confine their own jurisdiction to the precise limits which the statute has defined," *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014) (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 380 (1959)). Any ambiguities regarding whether removal jurisdiction is proper must be resolved against federal jurisdiction and in favor of the party seeking remand. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

### III. DISCUSSION AND ANALYSIS

The issue before the Court—whether Congress's 2011 amendment of § 1441 altered the long-standing rule that maritime claims filed in state court are not removable to federal court based on federal admiralty jurisdiction without an alternate jurisdictional basis—is "hotly contested" and unresolved in the Fifth Circuit. *See Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 447 n.3 (5th Cir. 2015), *as revised* (Oct. 16, 2015) (unpublished). However, as Fifth Circuit has noted, "[t]he vast majority of district courts [in this Circuit] considering this question have maintained that such lawsuits are not removable." *Sangha v. Navig8 Ship Mgmt. Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (citing *Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809-10 (M.D. La. 2015) (collecting cases)). Indeed, courts in the Eastern District of Louisiana have uniformly and without exception rejected Defendants' argument that such claims have become freely removable under the current version of § 1441, with many granting similar motions to remand as a result. *See, e.g.*, *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749 (E.D. La. 2014); *Great N. & S. Navigation Co. LLC French Am. Line v. Certain Underwriters at Lloyd's London*, 2019 WL 1417305 (E.D. La. Mar. 29, 2019); *Fleming v. New Orleans Cold Storage & Warehouse Co.*, 2018 WL 2980067 (E.D. La. June 14, 2018); *Arrington v. Seaonus Stevedoring-New Orleans, LLC*, 2017 WL 4803933 (E.D. La. Oct. 25, 2017); *Darville v. Tidewater Marine Serv., Inc.*, 2016 WL 1402837 (E.D. La. Apr. 11, 2016); *Plaquemines Par. v. BEPCO, L.P.*, 2015 WL 4097062 (E.D. La. July 7, 2015); *Plaquemines Par. v. Palm Energy Offshore, LLC*, 2015 WL 3404032 (E.D. La. May 26, 2015); *Alexander v. Magnolia Marine Transp. Co.*, 2015 WL 1298394 (E.D. La. Mar. 19, 2015); *Plaquemines Par. v. Rozel Operating Co.*, 2015 WL 403791 (E.D. La. Jan. 29, 2015); *Par. of Plaquemines v. Total Petrochemical & Ref. USA, Inc.*, 64 F. Supp. 3d 872 (E.D. La. 2014); *Yavorsky v. Felice Navigation, Inc.*, 2014 WL 5816999 (E.D. La. Nov. 7, 2014);

*Bisso Marine Co. v. Techcrane Int'l, LLC*, 2014 WL 4489618 (E.D. La. Sept. 10, 2014); *Riley v. LLOG Explor. Co.*, 2014 WL 4345002 (E.D. La. Aug. 28, 2014); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.,* 42 F. Supp. 3d 812, 820 (E.D. La. 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 WL 3796150 (E.D. La. July 29, 2014); *Perrier v. Shell Oil Co.*, 2014 WL 2155258 (E.D. La. May 22, 2014); *Barry v. Shell Oil Co.*, 2014 WL 775662 (E.D. La. Feb. 25, 2014); *Alexis v. Hilcorp Energy Co.*, 493 F. Supp. 3d 497, 505 (E.D. La. 2020).

While nonbinding, the Court finds no reason in Defendants' Motion to reject the overwhelming persuasive precedent set by its fellows to strike out on its own and upset the long-standing rule, having been in effect since at least Congress's passage of the Judiciary Act of 1789, that when a plaintiff exercises his right to raise maritime claims in a state court, no defendant may remove those claims to federal court without establishing a basis for federal jurisdiction other than admiralty. *See* 1 Stat. 76–77. As other courts in this District have explained, the fact that the Fifth Circuit identified language in the pre-2011 version of the federal removal jurisdiction statute as "*[o]ne of*" the express provisions of Congress prohibiting the removal of civil actions based on admiralty jurisdiction alone, see *In re Dutile*, 935 F.2d 61, 62 (5th Cir. 1991) (emphasis added), does not mean that, with that language having been removed, this long-standing prohibition has vanished. On the contrary: "Congress carefully wrought Section 1333 to balance interests of federalism and recognize historical development of maritime law in state courts by including the saving to suitors clause. [. . .] If state court maritime cases were removable [without an alternate basis for Federal jurisdiction,] the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length [by the United States Supreme

4

Court] in *Romero*." *Gregoire*, 38 F. Supp. 3d at 764 (referring to *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 372 (1959))

In *Romero*, the Supreme Court held it must narrowly interpret the scope of the federal courts' Federal Question jurisdiction under 28 U.S.C. § 1331 to avoid "tak[ing] away" the "historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal" by rendering actions brought under the saving to suitors clause "freely removable." 358 U.S. at 372. In light of the import the Supreme Court has placed on the conservation of this "historic option," the Court agrees with its colleagues that it cannot upset the delicate balance wrought by Congress in § 1333 and hold Congress intended to eviscerate the saving to suitors clause by amending § 1441 unless it says so in a much clearer voice. Defendants have failed to carry their burden to establish federal jurisdiction over this suit and the Motion to Remand must be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 11, is **GRANTED** and that Civil Action No. 23-1796 is hereby **UNCONSOLIDATED** from this case and **REMANDED** back to the 25th Judicial District Court, Parish of Plaquemines, Louisiana, for further proceedings not inconsistent with the Court's order restraining the prosecution of claims pending conclusion of the instant limitation of liability action. *See* R. Doc. 4.

New Orleans, Louisiana, this 22nd day of March, 2024.

_____
Greg Gerard Guidry
United States District Judge